## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHAWN BUCKLEY,** | ) | |
| **#10702-025** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 18-cv-518-JPG** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OFFICER COOK,** | ) | |
| **OFFICER PHILLIPS,** | ) | |
| **OFFICER ROSS,** | ) | |
| **OFFICER HAWKINS, and** | ) | |
| **OFFICER SNYDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the United States Penitentiary in Leavenworth, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims pertaining to his detention at the Alton County Jail ("Jail"). Following the Court's Severance Order, filed contemporaneously herewith, the only claims remaining in this action are Counts 1 through 4. The Court designated Counts 1 through 4 as follows:

> **Count 1 –** Fourteenth Amendment claim against Cook, Ross, Hawkins, Snyder, and Phillips for refusing Plaintiff's requests for mental health treatment.

> **Count 2 –** Fourteenth Amendment claim against Cook for refusing to honor Plaintiff's dietary plan, as ordered by a physician.

1

**Count 3 –**      Fourteenth Amendment claim against Cook for disregarding Plaintiff's medical and nutritional needs, following Plaintiff's oral surgery.

**Count 4 –**      First Amendment claim against Ross and Cook in connection with the lack of formal religious services on Sundays.

## Merits Review

The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**Applicable Legal Standard**

When the alleged constitutional violations occurred, Plaintiff was a pretrial detainee rather than a convicted prisoner. Accordingly, Counts 1 through 3 derive from the Fourteenth Amendment's guarantee of due process, not the Eighth Amendment's right to be free from cruel and unusual punishment. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015). In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to Fourteenth Amendment inadequate medical care claims. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Id.* (citations omitted). The propriety of applying this

more stringent standard to Fourteenth Amendment claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), "which applied a purely objective standard to a detainee's excessive- force claim without regard to any subjective component." *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017) (citing *Collins*, 851 F.3d at 731). However, *Kingsley* was an excessive force case, and the Seventh Circuit has not decided whether the objective reasonableness standard applies to cases involving inadequate medical care. *See Collins*, 851 F.3d at 731 (expressly declining to resolve the issue); *Smego*, 707 F. App'x at 412 (same).

In the instant case, at screening, the Court need not resolve which standard is applicable to Plaintiff's Fourteenth Amendment claims. This is because, as is set forth more fully below, the Court finds that Counts 1 through 3 survive under even the more-demanding deliberate indifference standard.

## Count 1

To establish a constitutional violation under § 1983, a plaintiff proceeding under the more-demanding deliberate indifference standard "must show that his medical condition was objectively serious." *Pitttman ex rel. Hamilton v. Cty. Of Madison, Ill.,* 746 F.3d 766, 775 (7th Cir. 2014). Additionally, "the plaintiff must show that the defendant officials had a sufficiently culpable state of mind—that their 'acts or omissions [were] sufficiently harmful to evidence deliberate indifference' to his serious medical needs." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). An inmate's need for treatment of a mental illness may rise to the level of an objectively serious medical condition. *See, e.g., Rasho v. Elyea*, 856 F.3d 469 (7th Cir. 2017);

*Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Here, Plaintiff claims that he was suffering from severe depression and anxiety. He also claims that he felt he was on the verge of a nervous breakdown. The Complaint and exhibits suggest that Plaintiff repeatedly told Officer Cook he was experiencing a mental health emergency (saying he was severely depressed/anxious and was having a mental breakdown) and asked for mental health treatment from the crisis team or from a therapist. According to the Complaint, Cook ignored his requests for treatment and simply walked away. Plaintiff also claims that when he pushed the emergency button in his cell, seeking emergency mental health treatment, Cook told him she did not liked him, she wished he was gone, and walked away without seeking help. These allegations are sufficient, at this early stage, to allow Count 1 to receive further review as to Cook.

The allegations pertaining to Ross, Hawkins, Snyder, and Phillips are a closer call. As to these individuals, Plaintiff alleges he repeatedly asked to see a mental health professional and relayed that he was severely depressed and anxious. He also allegedly conveyed that he was on the verge of a mental breakdown. All of Plaintiff's requests were allegedly ignored. Reading the Complaint liberally, the Court finds that Plaintiff has also stated a colorable claim as to these individuals.

Accordingly, Count 1 shall receive further review as to Cook, Ross, Hawkins, Snyder, and Phillips.

**Count 2**

Plaintiff alleges that a physician issued a prescription, setting forth a specific diet for him

to follow. He also alleges that Cook refused to comply with the physician's directive for weeks at a time. The Court finds that this allegation is sufficient, at the pleading stage, to allow Count 2 to proceed as to Cook. *See Estelle v. Gamble*, 429 U.S. 97 (1976) (deliberate indifference can be established by showing that officials intentionally interfered with a prescribed course of treatment).

## Count 3

Plaintiff alleges that, after oral surgery, he was in excruciating pain, had a fever, and was exhibiting other signs of infection. The Complaint and exhibits suggest that Plaintiff told Cook about his symptoms and repeatedly sought assistance from her. Cook allegedly responded by berating Plaintiff and/or ignoring his requests for help. Eventually, after his family intervened, Plaintiff was seen by a physician who determined that Plaintiff had developed an infection and required antibiotics. These claims are sufficient to allow Count 3 to proceed as to Cook. *See* e.g., *Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012).

## Count 4

The Free Exercise Clause of the First Amendment guarantees inmates a "reasonable opportunity" to practice their religion. *Cruz v. Beto,* 405 U.S. 319, 322 (1972); *see also Tarpley v. Allen* county, 312 F.3d 895, 898 (7th Cir. 2002). A "plaintiff must show a 'substantial burden' on a 'central religious belief or practice' to prevail under the Free Exercise Clause[.]" *Kaufman v. McCaughtry*, 419 F.3d 678, 683 (7th Cir. 2005) (quoting *Hernandez v. C.I.R.*, 490 U.S. 680, 699, 109 S.Ct. 2136, 104 L.Ed.2d 766 (1989)). Correspondingly, "[d]e minimis burdens on the free exercise of religion are not of constitutional dimension." *Rapier v. Harris*, 172 F.3d 999,

1006 n. 4 (7th Cir.1999) (a prison's failure to accommodate a prisoner's religious diet at three meals out of 810 was a de minimis burden on the prisoner's right of free exercise).

Here, Plaintiff merely alleges that the Jail did not offer formal religious services on Sundays. He does not provide any other information. The fact that formal religious services were not available on Sundays, standing alone, falls short of stating a claim. Further, Plaintiff named only two defendants in connection with this claim – Ross and Cook – but alleges no facts showing that these individuals were responsible for the Jail's failure to hold formal services on Sundays (he only alleges that he asked these individuals about Sunday service). Section 1983 creates a cause of action based on personal liability and predicated on fault; thus to be held liable under Section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted).

For these reasons, Plaintiff has failed to state a claim upon which relief may be granted, and Count 4 shall be dismissed without prejudice.

## **Pending Motion**

Plaintiff has a pending motion on file with the Court (Doc. 7). The Clerk of the Court has docketed the motion as a Motion for Leave to Proceed *in Forma Pauperis,* a Motion for Recruitment of Counsel, and a Motion for Copies. In his motion, Plaintiff asks the Court for a copy of his Complaint and to appoint him counsel "pro bono." Plaintiff also states that the motion is a "request for motion to proceed through the District Courts and not a Magistrate Judge." The Court addresses each of these issues in turn below.

**Motion for Copies**

The request for a copy of the Complaint is **GRANTED**. As a one-time courtesy, the Clerk is **DIRECTED** to send Plaintiff a copy of the Complaint (Doc. 2). As a general rule, the District Clerk will mail paper copies of any document only after receiving prepayment of the required fee (i.e., $.50 per page). All further requests for documents should be made in writing to the Clerk of Court by referring to the case number and the document number and submitting the required prepayment.

**Motion for Recruitment of Counsel**

To the extent that Plaintiff is seeking appointment of counsel, the motion is **REFERRED** to a United States Magistrate Judge for disposition.

**Motion to Proceed *in Forma Pauperis***

To the extent that Plaintiff is seeking leave to proceed *in forma pauperis,* the motion is unnecessary. Plaintiff has already been granted *pauper* status. (Doc. 4).

**Request Regarding Magistrate Judge**

The Court may refer pretrial, non-dispositive matters to a magistrate judge without Plaintiff's consent. *See Franklin v. city of South Bend,* 153 F. App'x 395, 396-97 (7th Cir. 2005). *See also* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72 (providing that a pretrial, non-dispositive matter may be referred to the assigned magistrate judge for decision). Accordingly, to the extent that Plaintiff objects to the Court referring this matter for further pretrial proceedings, the motion is **DENIED**.

However, certain matters may only be referred to a magistrate judge if both parties

consent to such a referral. *See* 28 U.S.C. § 636(c). Accordingly, consistent with Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), this entire matter will only be **REFERRED** to a United States Magistrate Judge, *if all parties consent to such a referral.* The Court notes that Plaintiff's pleading indicates he does not consent to such a referral.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **COOK, ROSS, HAWKINS, SNYDER,** and **PHILLIPS.**

**IT IS FURTHER ORDERED** that **COUNTS 2** and **3** shall receive further review as to **COOK.**

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, as to **COUNTS 1-3**, the Clerk of Court shall prepare for **COOK, ROSS, HAWKINS, SNYDER,** and **PHILLIPS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require that Defendants pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer can be found at the work address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel (Doc. 7).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 9, 2018**

<u>**s/J. Phil Gilbert**</u>
**United States District Judge**